IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TFG-MICHIGAN, L.P., a Utah limited partnership,<br><br>     Plaintiff,<br><br>v.<br><br>BOERSEN FARMS GRAIN, a Michigan partnership, BOERSEN FARMS PROPERTIES, LLC, a Michigan limited company, BOERSEN FARMS, INC., a Michigan corporation, BOERSEN TRANSPORT, INC., a Michigan corporation, BOERSEN FARMS AG, LLC, a Michigan limited liability company, BOERSEN LAND COMPANY, LLC, a Michigan limited liability company, DENNIS A. BOERSEN, a Michigan citizen, ROSS M. BOERSEN, a Michigan citizen, ARLAN J. BOERSEN, a Michigan citizen, and SANDRA BOERSEN, a Michigan citizen, GREENMARK EQUIPMENT, INC., a Michigan corporation,<br><br>     Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:17-CV-231 TS<br><br>District Judge Ted Stewart |

   This matter is before the Court on a Motion for Reconsideration filed by Defendants Boersen Farms Grain; Boersen Farms Properties, LLC; Boersen Farms, Inc.; Boersen Transport, Inc.; Boersen Farms AG, LLC; Boersen Land Company, LLC; Dennis A. Boersen; Ross M. Boersen; Arlan J. Boersen; and Sandra Boersen (the "Boersen Defendants"), a Motion for Leave to File a Surreply filed by Plaintiff, and Plaintiff's Motion for an Order to Show Cause and for Terminating Sanctions. For the reasons discussed below, the Court will deny the Motion for

1

Reconsideration, grant the Motion for Leave to File a Surreply, and deny without prejudice Plaintiff's Motion for an Order to Show Cause and for Terminating Sanctions.[1]

## I. BACKGROUND

Plaintiff filed this action on March 27, 2017. An Amended Complaint, adding Defendant GreenMark Equipment, Inc., was filed on April 12, 2017. Plaintiff alleges that the Boersen Defendants have breached certain lease agreements related to farm equipment. Among other things, Plaintiff's Amended Complaint sought a prejudgment writ of replevin. To that end, Plaintiff filed a Motion for Prejudgment Writ of Replevin and Prejudgment Writ of Attachment.

This Court, per the Honorable Tena Campbell, heard argument on Plaintiff's Motion on June 2, 2017. That day, Judge Campbell ruled from the bench, granting Plaintiff's request for a writ of replevin. On June 12, 2017, Judge Campbell issued a written order memorializing her earlier oral ruling (the "prior Order"). In the prior Order, Judge Campbell ordered the Boersen Defendants to:

> deliver the equipment, identified in the lease schedules attached hereto as Exhibit A (hereinafter "the Equipment"), to a location identified by Plaintiff within seven calendar days of Plaintiff providing written notice to the Boersen Defendants of such location, or, alternatively, at Plaintiff's election and within seven calendar days of Plaintiff's request, to deliver written notice to Plaintiff of the Equipment's location and that the Equipment is available for pick up, and then allow Plaintiff (or its agents) to enter upon the premises where the Equipment is located and take possession of the Equipment. If any Equipment has been transferred, sold or otherwise disposed of, the Boersen Defendants are not to disperse the proceeds of any transfer, sale or other disposition and are ORDERED to deposit any liquid proceeds in a trust account, and/or to provide a specific accounting of any non-liquid assets or proceeds. For liquid proceeds, the Boersen Defendants shall promptly identify the location of the bank holding the trust account (as well as the specific account number) to Plaintiff and the amount of funds held in such

---

[1] Defendant GreenMark Equipment, Inc. has also filed a Motion to Dismiss for Lack of Personal Jurisdiction. This Order does not address that Motion.

account. The Boersen Defendants shall also promptly identify the location of any non-liquid proceeds or assets.[2]

The Order further ordered the Boersen Defendants "to not transfer, sell, or otherwise dispose of any Equipment or undertake any other acts that will lower the leased equipment's value."[3]

On June 13, 2017, Plaintiff advised Defendants of the location to deliver the equipment. To date, Defendants have failed to deliver all the equipment as ordered by the Court. On June 19, 2017, the day before their compliance was due, Defendants sought reconsideration of the Court's prior Order. In response, Plaintiff has requested an order to show cause why Defendants should not be held in contempt and for terminating sanctions for their failure to comply.

## II. DISCUSSION

A.  MOTION FOR RECONSIDERATION

The Court has the discretion under Federal Rule of Civil Procedure 54(b) to reconsider a previous order.[4] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[5] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[6]

---

[2] Docket No. 65, at 4–5.

[3] *Id.* at 5.

[4] *Raytheon Constructors, Inc. v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).

[5] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[6] *Id.* (internal citation omitted).

The basis for Defendants' Motion for Reconsideration changed substantially during the briefing of its Motion. Defendants first argued that the Court should stay the prior Order based on the issuance of a temporary restraining order in an unrelated case in Michigan (the "Michigan TRO"). To the extent that the Michigan TRO conflicted with this Court's prior Order, it has now been dissolved and no longer serves as the basis for Defendants' Motion.[7]

In their Reply, Defendants argue for the first time that the Court's Order should be modified to address the competing claims that its creditors may have with respect to the property that is subject to replevin. Defendants fail to provide a cogent reason why the interest of these non-parties requires reconsideration. None of these parties has sought to intervene in this case and any claims they may have are not properly before the Court. Plaintiff represents that it is working Defendants' other creditors to resolve their claims with respect to the equipment. Any issues that may arise from those dealings are between Plaintiff and the respective creditor, and do not provide Defendants a basis for relief from the Court's Order.

Finally, Defendants argue that the Order should be modified because they cannot comply within the time allowed. Specifically, Defendants point to the time and expense that will be required to deliver 126 pivot systems and 15 other fixed items. Defendants seek an additional forty-five days to come forward with a detailed plan for delivering the pivot systems and fixtures. The Court declines Defendants' request for an additional forty-five days to create a plan for delivery. Defendants have had ample opportunity to create such a plan. However, the Court recognizes that Defendant may not be able to fully comply with the Court's Order within

---

[7] Docket No. 79, at 3 ("To be clear, the Boersen Defendants are withdrawing all of their arguments regarding the TRO as impacting their ability to comply with this Court's order.").

the original time allotted. Therefore, the Court directs the parties to meet and confer to establish a plan for Defendants to comply with the Court's Order by July 7, 2017. Should the parties be unable to agree to a plan, the parties are directed to file their proposed schedules with the Court by July 10, 2017.

In sum, the Court will deny Defendant's Motion for Reconsideration, but will modify the requirement that Defendants deliver the equipment within seven calendar days, pending further proceedings. This modification relates only to 126 pivot systems and 15 fixtures identified in Defendants' Reply. All other items remain subject to the Court's prior Order and should be delivered to Plaintiff immediately in accordance with the Court's prior Order.

B.   MOTION FOR ORDER TO SHOW CAUSE AND FOR TERMINATING SANCTIONS

Plaintiff seeks an order to show cause why Defendants should not be held in contempt and for terminating sanctions. Plaintiff's Motion is primarily based on its argument that Defendants have failed to comply with that portion of the Court's Order requiring Defendants to deliver the equipment to a location identified by Plaintiff within seven calendar days. The Court agrees that Defendants have not been compliant. Therefore, sanctions could be imposed. However, because the Court has modified that provision of the prior Order, as discussed above, the Court will deny Plaintiff's Motion at this time. The Court warns that further efforts by Defendants to avoid the Court's orders may result in sanctions, up to and including a finding of contempt and terminating sanctions.

## III.  CONCLUSION

It is therefore

ORDERED that the Boersen Defendants' Motion for Reconsideration (Docket No. 72) is DENIED.  It is further

ORDERED that Plaintiff's Motion for Leave to File a Surreply (Docket No. 83) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for Order to Show Cause and for Terminating Sanctions (Docket No. 77) is DENIED WITHOUT PREJUDICE.

By July 7, 2017, the parties are directed to meet and confer to establish a schedule for complying with the prior Order as it relates to the 126 pivot systems and 15 fixtures identified in Defendants' Reply.  If the parties are unable to agree on a schedule, the parties are directed to file their proposed schedules with the Court by July 10, 2017.  All other pieces of equipment should be delivered immediately in accordance with the Court's prior Order.

DATED this 5th day of July, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge