IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TFG-MICHIGAN, L.P., a Utah limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>BOERSEN FARMS GRAIN, a Michigan partnership, BOERSEN FARMS PROPERTIES, LLC, a Michigan limited company, BOERSEN FARMS, INC., a Michigan corporation, BOERSEN TRANSPORT, INC., a Michigan corporation, BOERSEN FARMS AG, LLC, a Michigan limited liability company, BOERSEN LAND COMPANY, LLC, a Michigan limited liability company, DENNIS A. BOERSEN, a Michigan citizen, ROSS M. BOERSEN, a Michigan citizen, ARLAN J. BOERSEN, a Michigan citizen, and SANDRA BOERSEN, a Michigan citizen, GREENMARK EQUIPMENT, INC., a Michigan corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT GREENMARK EQUIPMENT INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br><br>Case No. 2:17-CV-231 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant GreenMark Equipment, Inc.'s ("GreenMark") Motion to Dismiss for Lack of Personal Jurisdiction. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff is an equipment leasing company. Plaintiff has leased certain equipment to the Boersen Defendants. None of that equipment is located in Utah. Plaintiff alleges that the Boersen Defendants have worked with Defendant GreenMark to sell some of that equipment to third parties, despite the fact that they do not have ownership of or title to the equipment. None

1

of those sales occurred in Utah.  Plaintiff brings a claim of conversion against Defendant GreenMark.  Defendant GreenMark argues that the Court lacks personal jurisdiction over it.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) is the vehicle by which a party may move for dismissal based on lack of personal jurisdiction.  Plaintiff bears the burden of establishing the jurisdiction over Defendant.[1]  When a motion to dismiss for lack of personal jurisdiction is brought before trial and supported by affidavits and other written materials, Plaintiff need only make a prima facie showing of jurisdiction.[2]  "The 'well pled facts' of the complaint must be accepted as true if uncontroverted by the defendant's affidavits, and factual disputes at this initial stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits."[3]

## III.  DISCUSSION

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[4]  Utah's long arm statute applies "to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[5]  Thus, it is "helpful to undertake the

---

[1] *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996).

[2] *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

[3] *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).

[4] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)).

[5] Utah Code Ann. § 78B-3-201(3).

due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[6]

A due-process analysis of personal jurisdiction is a two-step inquiry. First, this Court must consider whether the defendant has sufficient "minimum contacts" with the forum state "that he should reasonably anticipate being haled into court there."[7] Second, "if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice."[8]

The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction. For general jurisdiction to exist, "the defendant must be conducting substantial and continuous local activity in the forum state."[9] In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[10] When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction for injuries that "arise out of or relate to those activities."[11]

---

[6] *Sys. Designs, Inc. v. New Customward Co.*, 248 F. Supp. 2d 1093, 1097 (D. Utah 2003).

[7] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

[8] *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citation and internal quotation marks omitted).

[9] *Soma*, 196 F.3d at 1295 (quoting *Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992)).

[10] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

[11] *Burger King v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

Plaintiff does not assert that the Court may exercise general jurisdiction over Defendant GreenMark. Thus, the question becomes whether there are sufficient contacts to support specific jurisdiction. "In the tort context, we often ask whether the nonresident defendant 'purposefully directed' its activities at the forum state."[12] "[P]urposeful direction exists when there is 'an intentional action . . . expressly aimed at the forum state . . . with [the] knowledge that the brunt of the injury would be felt in the forum state.'"[13]

Importantly, the minimum-contacts analysis looks to the defendant's contacts with the forum state itself, not defendant's contacts with residents of that state.[14] "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum state that is the basis for its jurisdiction over him."[15] Thus, the "mere injury to a forum resident is not a sufficient connection to the forum."[16] "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."[17] "[T]he mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction."[18]

---

[12] *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008).

[13] *Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1280 (10th Cir. 2016) (quoting *Dudnikov*, 514 F.3d at 1072).

[14] *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).

[15] *Id.*

[16] *Id.* at 1125.

[17] *Id.*

[18] *Id.* at 1126.

Here, there is nothing to suggest that Defendant's alleged conversion of Plaintiff's property was expressly aimed at the forum state. The only connection between Defendant GreenMark and Utah is the fact that Plaintiff is a Utah entity.[19] Plaintiff purports to own or have a security interest in the equipment Defendant GreenMark allegedly converted. However, as stated, the fact that Plaintiff has ties to the forum state, and thus was injured in the forum state, is not sufficient to establish personal jurisdiction. "[M]ere injury to a forum resident is not a sufficient connection to the forum."[20]

Further, there is no evidence that Defendant GreenMark knew that the brunt of the injury would be felt in the forum state. Plaintiff argues that its UCC filings should have put Defendant on notice that Plaintiff owned or had a security interest in the equipment at issue. However, Defendant has presented evidence that it did not learn of Plaintiff's UCC filings until February 2017 and was not made aware of the specific equipment at issue in this litigation until it was served with Plaintiff's Amended Complaint on April 17, 2017. Defendant states that all of the transactions whereby GreenMark purchased any of the equipment that Plaintiff claims it owns occurred before that date. Thus, there is no evidence that Defendant GreenMark knew that the brunt of the injury would be felt in Utah. Based upon this, Plaintiff has failed to show sufficient minimum contacts to support specific personal jurisdiction over Defendant GreenMark. As a result, the Court need not consider whether exercising jurisdiction over Defendant GreenMark would offend traditional notions of fair play and substantial justice.

---

[19] Docket No. 70, at 11 ("No question exists that these acts were purposely directed towards a Utah entity and expressly aimed at property owned by a company in the State of Utah.").

[20] *Walden*, 134 S. Ct. at 1125

## IV. CONCLUSION

It is therefore

ORDERED that Defendant GreenMark's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 42) is GRANTED.

DATED this 12th day of July, 2017.

BY THE COURT:

Ted Stewart
United States District Judge