# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TFG-MICHIGAN, L.P., a Utah Limited Liability partnership,<br><br>Plaintiff,<br><br>v.<br><br>BOERSEN FARMS GRAIN, a Michigan partnership, BOERSEN FARMS PROPERTIES, LLC, a Michigan limited company, BOERSEN FARMS, INC., a Michigan corporation, BOERSEN TRANSPORT, INC., a Michigan corporation, BOERSEN FARMS AG, LLC, a Michigan limited liability company, BOERSEN LAND COMPANY, LLC, a Michigan limited liability company, DENNIS A. BOERSEN, a Michigan citizen, ROSS M. BOERSEN, a Michigan citizen, ARLAN J. BOERSEN, a Michigan citizen, and SANDRA BOERSEN, a Michigan citizen,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER FINDING DEFENDANTS IN CONTEMPT OF COURT AND ISSUING SANCTIONS<br><br>Case No. 2:17-CV-231 TS<br><br>District Judge Ted Stewart |

This matter came before the Court on Plaintiff TFG-Michigan, L.P.'s ("Plaintiff") Renewed Motion for an Order to Show Cause and for Terminating and Other Sanctions against Defendants Boersen Farms Grain, et al ("Defendants"). The Court held a show cause hearing on September 26, 2017. For the reasons discussed below, the Court finds Defendants in contempt and will issue terminating sanctions.

## I. BACKGROUND

Plaintiff is an equipment leasing company and has brought this action against Defendants alleging breach of contract and breach of good faith and fair dealing regarding numerous lease agreements. Among other things, Plaintiff sought a writ of replevin requiring the immediate

1

return of the leased property and a prejudgment writ of attachment, authorizing the seizure of the leased property. On June 12, 2017, this Court, per the Honorable Tena Campbell, entered an Order directing the Boresen Defendants to:

> deliver the equipment, identified in the lease schedules attached hereto as Exhibit A (hereinafter "the Equipment"), to a location identified by Plaintiff within seven calendar days of Plaintiff providing written notice to the Boersen Defendants of such location, or, alternatively, at Plaintiff's election and within seven calendar days of Plaintiff's request, to deliver written notice to Plaintiff of the Equipment's location and that the Equipment is available for pick up, and then allow Plaintiff (or its agents) to enter upon the premises where the Equipment is located and take possession of the Equipment. If any Equipment has been transferred, sold or otherwise disposed of, the Boersen Defendants are not to disperse the proceeds of any transfer, sale or other disposition and are ORDERED to deposit any liquid proceeds in a trust account, and/or to provide a specific accounting of any non-liquid assets or proceeds. For liquid proceeds, the Boersen Defendants shall promptly identify the location of the bank holding the trust account (as well as the specific account number) to Plaintiff and the amount of funds held in such account. The Boersen Defendants shall also promptly identify the location of any non-liquid proceeds or assets. The Boersen Defendants are also ORDERED to not transfer, sell, or otherwise dispose of any Equipment or undertake any other acts that will lower the leased equipment's value.[1]

On June 19, 2017, Defendants filed a Motion for Reconsideration Regarding the June 12, 2017 Order. On June 26, 2017, Plaintiff filed a Motion for Order to Show Cause, alleging Defendant had not complied with the June 12 Order. The Court addressed both motions in its Order issued July 5, 2017. The July 5 Order recognized that Defendants may not be able to fully comply with the June 12 Order in the time period allotted, specifically regarding the delivery of 126 pivot systems and fifteen other fixed items, and therefore directed the parties "to meet and confer to establish a plan for Defendants to comply with the Court's [June 12] Order by July 7,

---

[1] Docket No. 65, at 4–5.

2017."[2] If the parties were unable to agree to a plan, the Court directed the parties to file proposed schedules with the Court. In light of this modification of the June 12 Order, the Court denied Plaintiff's Motion for Order to Show Cause, but recognized that sanctions could have been imposed and warned that "further efforts by Defendants to avoid the Court's orders may result in sanctions, up to and including a finding of contempt and terminating sanctions."[3]

The parties filed their respective proposed schedules on July 10, 2017, as directed. The Court issued an Order setting the schedule to comply with the June 12 Order on July 17, 2017, wherein it imposed the following deadlines: "Removal of the 126 pivot systems must begin no later than July 25, 2017, and shall be completed by September 22, 2017;" "[r]emoval of the 15 fixtures must begin no later than August 16, 2017, and shall be completed October 16, 2017;" and "[a]ll other equipment should be delivered to Plaintiff immediately, as previously ordered by the Court."[4] The Court further directed that,

> All other provisions of the [June 12 Order] remain in effect, including that portion of the Order directing that the Boersen Defendants are not to transfer, sell, or otherwise dispose of any Equipment or undertake any other acts that will lower the leased equipment's value. Additionally, the Boersen Defendants shall immediately cease and desist using any of the equipment at issue, including the equipment that has not been delivered.[5]

On July 28, 2017, Plaintiff filed a Renewed Motion for an Order to Show Cause and for Terminating and Other Sanctions against Defendants.[6] In its Renewed Motion, Plaintiff alleged that Defendants again failed to comply with the Court's order. Specifically, Plaintiff alleged that:

---

[2] Docket No. 85, at 5.

[3] *Id.*

[4] Docket No. 94, at 1–2.

[5] *Id.* at 2 (internal citation omitted).

[6] Docket No. 97.

as of July 21, 2017, Defendants continued to use some of the 126 pivot systems; upon information and belief, Defendants continued to use the 15 larger items; Defendants failed to "immediately" return the remaining equipment as ordered; and Defendants had not established a trust account as required by the June 12 Order. As a result, Plaintiff requested "an order to show cause compelling the Boersen Defendants to personally appear and explain why they should not be held in contempt for their failure to comply with the Court's order."[7] Plaintiff also requested that the Court issue terminating sanctions against Defendants in regard to all of Plaintiff's claims.

The Court granted Plaintiff's request to order Defendants to appear and show cause as to why they should not be held in contempt of court and/or issued sanctions on August 30, 2017. The contempt hearing took place on September 26, 2017. Defendant Dennis Boersen appeared at the hearing. Having considered the filings and evidence presented on this matter, the Court determines that Defendants are in contempt of court and will issue both terminating and compensatory sanctions against them.

## II. DISCUSSION

*a. Contempt*

To prevail on a claim of civil contempt, Plaintiff "has the burden of proving, by clear and convincing evidence, that a valid court order existed, that [Defendants] had knowledge of the order, and that [Defendants] disobeyed the order."[8]

---

[7] *Id.* at 17.

[8] *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

The evidence presented at the hearing clearly showed each of the above stated elements. First, valid Court orders are in place requiring Defendants to cease use of and return certain farming equipment to Plaintiff by specified dates. Second, Defendants had, and continue to have, knowledge of those orders. And finally, Defendants have not complied, nor do they intend to comply, with the Court's orders. Notably, Defendants did not offer testimony or evidence disputing this evidence, but instead alleged that compliance has not and will not be possible. Because the elements of contempt are well supported and not in dispute, the Court finds that Defendants are in contempt of Court.

b. Sanctions

"A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."[9] Plaintiff has requested both terminating and monetary sanctions to be issued against Defendants.

i. Terminating Sanctions

When considering whether to issue terminating sanctions against a party, "a district court should ordinarily consider the following factors: '(1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'"[10] "These factors do

---

[9] 18 U.S.C. § 401(3).

[10] *Norouzian v. Univ. of Kan. Hosp. Auth.*, 438 Fed App'x 677, 679 (10th Cir. 2011) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)).

5

not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."[11]

Each of these factors weighs in favor of imposing terminating sanctions. First, it is undisputed that Defendants continue to possess specified equipment that has been ordered to be returned to Plaintiff without providing compensation for such possession. As will be discussed, evidence further suggests that Defendants continue to use certain pieces of Plaintiff's equipment to generate profit. Plaintiff has therefore suffered, and continues to suffer, significant monetary loss as a result of not receiving fair compensation for the possession and use of its equipment.

Second, Defendants have caused a high degree of interference with the judicial process by their continued failure to comply with the Court's orders. Defendant Dennis Boersen testified that Defendants' senior lender has disallowed any further expenditure and Defendants have no means to comply with the Court's orders to return the specified equipment. Defendants, therefore, not only failed to fully comply with the Court's orders to date, but stated that they will not further comply with the Court's orders at any future date.

The third factor—the culpability of the litigant—also weighs in favor of sanctions. Defendants offered testimony that they have done their best to comply with the Court's orders and have harbored no intent to willfully disobey the Court. Defendants argued that the majority of Defendants' equipment has been returned. Defendants also introduced an email into evidence from Dennis Boersen to his farm operators clarifying that all TFG equipment was not to be used. However, this email was sent on July 31—two weeks after the Court issued its order. Mr.

---

[11] *Id.* (*Ehrenhaus,* 965 F.2d at 921).

6

Boersen testified that this was a follow-up communication, but provided no evidence of an earlier communication directing the operators to cease use of the equipment at issue.

In support of sanctions, Plaintiff presented evidence that Defendants continued to use the specified equipment well past the July 17 Order, which specifically directed Defendants to immediately cease use of all TFG equipment.[12] Plaintiff's witness, Michael Knudsen, testified of several instances after July 17 where he visited Defendants' property and found that the equipment at issue had recently been in use. Photographs provided by Mr. Knudsen further evinced use of the equipment after July 17. Plaintiff also introduced a text message conversation that took place on September 22, 2017, between Mr. Knudsen and one of Defendants' employees wherein Mr. Knudsen informed the employee that TFG's equipment is not to be used. The employee responded, "I was just doing as I was told but I guess I was lied to again. . . . I hate being in the middle of Dennis Boersen[']s mess. Thanks for the warning."[13]

Taken as a whole, the evidence presented suggests that Defendants knowingly violated the Court's order by both possessing and using Plaintiff's equipment beyond the dates allowed by the Court. Further, Defendants have stated they will not comply with the Court's orders. Defendants' culpability is therefore high and weighs in favor of sanctions.

The fourth factor also weighs in favor of terminating sanctions as the Court's July 5 Order clearly warned that terminating sanctions could result if Defendants' noncompliance continued. Finally, the fifth factor weighs strongly in favor of terminating sanctions. As discussed, Defendants maintain that they lack the monetary means to comply with the Court's

---

[12] Docket No. 94, at 2.

[13] Hr'g Ex. 8.

order to return the equipment at issue and that Defendants intend to file for bankruptcy in the near future. Therefore, imposing lesser monetary sanctions would be futile, as such a sanction would not motivate Defendants into compliance. Based on the consideration of each of the relevant factors, the Court finds that terminating sanctions are appropriate in this matter.

      ii.      *Monetary Sanctions*

"Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: '(1) to compel or coerce obedience to a court order; and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance.'"[14] "Where the purpose of the sanction is 'coercive,' the court must consider 'the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'"[15] "On the other hand, if a fine is imposed for compensatory purposes, the amount of the fine must be based upon the complainant's actual losses sustained as a result of the contumacy."[16]

Plaintiff requests both coercive and compensatory sanctions. As previously discussed, monetary sanctions will have no coercive effect given the financial status of Defendants. Defendants do not intend to comply with the Court's orders and it appears that no monetary sanction will bring them into compliance. The Court, therefore, declines to grant Plaintiff's request for coercive sanctions.

---

[14] *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (quoting *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1147 (9th Cir. 1983)).

[15] *Id.* (quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947)).

[16] *Id.* (internal citations and quotation marks omitted).

Plaintiff requests that compensatory sanctions be awarded in the amount of $2,668,000.00. This amount is based on the number of days Defendants have been in contempt and the amount Defendants were required to pay to lease Plaintiff's equipment under the various leasing agreements between the parties. Plaintiff represents that Defendants have been in contempt since June 20, 2017, and remained in contempt on the date of the September 26 contempt hearing—totaling 116 days. Defendants were to pay $23,000 per day to Plaintiff pursuant to the parties' lease agreements. The Court finds that this is an appropriate representation of the actual losses sustained by Plaintiff as a result of Defendants' failure to return the equipment. Defendants offered no alternative calculation of the actual losses Plaintiff has sustained. The Court, therefore, orders Defendants to pay Plaintiff $2,688,000.00 as compensation for possessing and using Defendants' equipment in violation of the Court's orders.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Renewed Motion for an Order to Show Cause and for Terminating and other Sanctions against the Boersen Defendants (Docket No. 97) is GRANTED. The Court imposes terminating sanctions on Defendants. The Court further imposes monetary sanctions in the amount of $2,688,000.00. That amount is imposed on all Defendants jointly and severally, and is due immediately. The Court will set an evidentiary hearing to determine the amount of damages and will enter a final judgment in favor of Plaintiff by separate order.

DATED this 28th day of September, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge