IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TFG-MICHIGAN, L.P., a Utah Limited Liability partnership,<br><br>            Plaintiff,<br><br>v.<br><br>BOERSEN FARMS GRAIN, a Michigan partnership, BOERSEN FARMS PROPERTIES, LLC, a Michigan limited company, BOERSEN FARMS, INC., a Michigan corporation, BOERSEN TRANSPORT, INC., a Michigan corporation, BOERSEN FARMS AG, LLC, a Michigan limited liability company, BOERSEN LAND COMPANY, LLC, a Michigan limited liability company, DENNIS A. BOERSEN, a Michigan citizen, ROSS M. BOERSEN, a Michigan citizen, ARLAN J. BOERSEN, a Michigan citizen, and SANDRA BOERSEN, a Michigan citizen,<br>            Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-CV-231 TS<br><br>District Judge Ted Stewart |

       This matter came before the Court to determine the rate of post-judgment interest to award Plaintiff TFG-Michigan ("Plaintiff") for the purpose of issuing a final judgment. For the reasons discussed below, the Court will impose an 18% post-judgment interest rate.

I. BACKGROUND

       On September 28, 2017, the Court found Defendants in contempt of court for their failure to comply with the Court's orders and issued terminating sanctions against them as a result. The Court held a hearing on October 10, 2017, to determine the appropriate amount of damages to award Plaintiff and to issue a final judgment. At the hearing, the parties presented a mostly stipulated proposed final judgment, leaving three issues for the Court to resolve. Two issues were

1

resolved at the hearing. The final of the three issues is the rate of post-judgment interest to be awarded to Plaintiff. Defendants argued that the federal statutory rate set by 28 U.S.C. § 1961(a) should apply. Plaintiff filed a written response on October 11, 2017, arguing that the 18% post-judgment rate set in the parties' contracts should be applied to the final judgment.

I. DISCUSSION

28 U.S.C. § 1961(a) provides, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." The circuit courts that have considered the issue are in agreement that nothing in the language of § 1961 suggests that parties are not allowed to contract around the statutory rate. "An agreement to apply a post-judgment interest rate other than that § 1961 specifies is enforceable so long as the parties indicate their intent to override the statute using 'clear, unambiguous and unequivocal language.'"[1]

The parties agree that the relevant language in the parties' contracts states that default interest shall accrue "both before and after judgment, at the lesser of eighteen percent (18%) per annum or the highest rate permitted by law . . . from the date of Default until paid in full."[2]

At the October 10 hearing, Defendants argued that the federal post-judgment interest rate should apply because the above-stated language is not "clear, unambiguous and unequivocal." Defendant cited *Society of Lloyd's v. Reinhart*, in support of this argument. In *Society of Loyd's*,

---

[1] *Newmont U.S.A. Ltd. v. Ins. Co. of N. Am.*, 615 F.3d 1268, 1276–77 (10th Cir. 2010) (quoting *Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982, 1004 (10th Cir. 2005)).

[2] Docket No. 113 Ex. A, at 6.

the parties agreed to be bound by English law. The lower court reasoned that, because parties may agree to a post-interest rate other than the rate set by Federal law, the parties contracted to have the English post-interest rate of 8% apply. The Tenth Circuit reversed the lower court recognizing that,

> The general rule under federal and Utah law is that when a valid and final judgment for the payment of money is rendered, the original claim is extinguished, and a new cause of action on the judgment is substituted for it. In such a case, the original claim loses its character and identity and is merged in the judgment.[3]

Therefore, the Tenth Circuit held that, where the contract made no specific mention of the application of English law to the post-judgment interest, the contract was not sufficiently clear, unambiguous, and unequivocal to override the statute.[4]

The contractual language between the parties in this matter is significantly different than that in *Society of Lloyd's*. Namely, the language at issue does specify that the stated default rate of 18% is applicable "both before and after judgment."[5] The Fifth Circuit has held that contractual language stating "all past due interest and/or principal shall bear interest from maturity until paid, *both before and after judgment,* at the rate of 9% per annum" is sufficiently clear to override § 1961.[6] Further, although most cases considering whether a contract can

---

[3] *Soc'y of Lloyd's,* 402 F.3d at 1004 (internal quotation marks omitted).

[4] *Id.*

[5] Docket No. 113 Ex. A, at 6.

[6] *Hymel v. UNC, Inc.,* 994 F.2d 260, 265–66 (5th Cir. 1993).

3

override § 1961 have found the contract to be insufficiently clear, in each of those cases the language did not specifically mention post-judgment interest.[7]

Defendants argued that the portion of the contract stating that the rate shall be at "the lesser of eighteen percent (18%) per annum *or the highest rate permitted by law*" makes the contract ambiguous. Defendants argued that the "highest rate permitted by law" is that allowed by § 1961 and, therefore, the contract does not unambiguously state that an 18% post-judgment interest shall apply. This argument is unpersuasive. The highest rate "permitted" by law is different than the rate established by § 1961. Courts have recognized that § 1961 "is not the only potential limit on private agreements governing post-judgment interest. Such agreements must also comport with applicable laws governing contract and usury in general."[8] The "highest rate permitted by law" language therefore applies only if the laws of the relevant jurisdiction disallow an interest rate as high as 18%, in which case, the highest allowable interest rate in that

---

[7] *See e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004) (applying the federal rate where the language of the contract stated that a different interest rate would apply "from the date payment was due to the date payment is made"); *Bay Venture Elyria, LLC v. Advanced Plastics Reclaiming, LLC*, No. 1:12-CV-2866, 2014 WL 4472620, at *6 (N.D. Ohio Sept. 11, 2014) ("[T]he Note makes no reference to judgments and cannot, therefore, be construed as an unequivocal agreement that such a rate would apply to judgments."); *Jack Henry & Assocs., Inc. v. BSC, Inc.*, 753 F. Supp. 2d 665, 670 (E.D. Ky. 2010), *aff'd*, 487 F. App'x 246 (6th Cir. 2012) ("Simply specifying a general interest rate for debts under a contract does not constitute an agreement on postjudgment interest."); *TIG Ins. Co. v. Tyco Int'l Ltd.*, 919 F. Supp. 2d 439, 475 (M.D. Pa. 2013), *amended* (Apr. 8, 2013) ("Particularly persuasive, in the Court's view, are the decisions of several circuit courts that have determined that a contractual provision must explicitly refer to post-judgment interest in order to override § 1961."); *Tricon Energy, Ltd. v. Vinmar Int'l, Ltd.*, No. CIV.A. 4:10-05260, 2012 WL 176438, at *2 (S.D. Tex. Jan. 20, 2012), *aff'd*, 718 F.3d 448 (5th Cir. 2013) ("Courts have held that contractual provisions specifying general interest rates for past-due debts are insufficient to displace the statutory postjudgment interest rate.").

[8] *Westinghouse Credit Corp.* 371 F.3d at 102.

jurisdiction would apply. Defendants have not pointed to any applicable law that would void an 18% post-judgment interest rate as unallowably high.

Because the contractual language at issue specifically makes reference to post-judgment interest, the Court finds the language is sufficiently clear, unequivocal, and unambiguous to override the federal statutory rate. Therefore, the Court will include an 18% post-judgment rate in the final judgment.

DATED this 17th day of October, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge